■ In the Matter of JUAN CARLOS CEBALLOS, Appellant, v BERTHA A. CASTILLO, Respondent. (Proceeding No. 1.) In the Matter of WESTCHESTER COUNTY COMMISSIONER OF SOCIAL SERVICES, on Behalf of BERTHA A. CASTILLO, Respondent, v JUAN CARLOS CEBALLOS, Appellant. (Proceeding No. 2.) [926 NYS2d 142]—

In two related child support proceedings pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Westchester County (Jordan, S.M.), entered January 11, 2010, made after a hearing, as denied his petition for downward modification of his child support obligation as set forth in a prior order of the same court dated April 11, 2005, entered on consent, determined that

he willfully violated the child support order dated April 11, 2005, and recommended that he be incarcerated for a period of six months unless he purged the contempt as directed by the Family Court at the confirmation proceeding, (2) from an order of the same court (Horowitz, J.), entered April 13, 2010, which denied his objections to the order entered January 11, 2010, and (3) from an order of commitment of the same court (Horowitz, J.), dated July 9, 2010, which, upon, in effect, confirming the finding of willfulness, directed that he be incarcerated in the Westchester County Jail for a period of six months with the opportunity to purge his contempt by payment of the sum of $1,140.

Ordered that the appeal from the order entered January 11, 2010, is dismissed, without costs or disbursements, as that order was superseded by the orders entered April 13, 2010 and dated July 9, 2010, respectively; and it is further,

Ordered that the order entered April 13, 2010, is modified, on the law and on the facts, by deleting the provision thereof denying the father's objections to so much of the order entered January 11, 2010, as denied his petition for downward modification of his child support obligations as set forth in the child support order dated April 11, 2005, and substituting therefor a provision granting those objections and vacating the provision of the order entered January 11, 2010, denying the father's petition for downward modification of his child support obligation; as so modified, the order entered April 13, 2010, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a hearing and determination of the amount of the father's reduced child support obligation; and it is further,

Ordered that the order of commitment dated July 9, 2010, is reversed, on the law and on the facts, without costs or disbursements, and the mother's petition to adjudicate the father in willful violation of the child support order dated April 11, 2005, is denied.

To establish entitlement to a downward modification of a child support order entered on consent, a party has the burden of showing that there has been a substantial change in circumstances (see *Matter of Getty v Getty*, 83 AD3d 835 [2011]; *Matter of Kasun v Peluso*, 82 AD3d 769 [2011]; *Matter of Jewett v Monfoletto*, 72 AD3d 688 [2010]). Loss of employment may at times constitute a substantial change in circumstances (see *Baker v Baker*, 83 AD3d 977 [2011]; *Matter of Getty v Getty*, 83 AD3d 835 [2011]). A party seeking a downward modification of his or her child support obligation based upon a loss of employ-

ment has the burden of demonstrating that he or she diligently sought to obtain employment commensurate with his or her earning capacity (*see Matter of Belmonte v Dreher*, 77 AD3d 937 [2010]).

Here, the father testified that he is unable to pay child support because he has not worked since 2008 and is not eligible to receive unemployment benefits. More specifically, he stated that he had been working for the Renaissance Hotel until May 2008, but that he left that job after the hotel significantly cut back his hours. He thereafter obtained employment at a pizzeria, where he was initially able to work longer hours. Although he was eventually let go from his position at the pizzeria, he did not, contrary to the Support Magistrate's finding, quit the pizzeria job. The father further testified in detail that he attempted to obtain employment at various specified restaurants and supermarkets; that he went to an employment agency called Labor Ready to find a job; that he looked for employment in newspapers and the "Pennysaver" publication; and that he explored job leads which he learned of via word-of-mouth.

Under these circumstances, the father demonstrated that his loss of employment constituted a substantial change in circumstances, and that he made a good faith effort to obtain new employment which was commensurate with his qualifications and experience (*see Matter of Getty v Getty*, 83 AD3d 835 [2011]; *Matter of Awwad v Awwad*, 62 AD3d 695 [2009]). Hence the Support Magistrate's determination that the father failed to satisfy his burden of establishing an inability to pay his child support obligation is not supported by the evidence. Accordingly, the father's objections to the denial of his petition for downward modification of his child support obligations should have been granted.

To the extent that the father filed objections to the Support Magistrate's finding of willfulness and her recommendation of a term of incarceration of six months, the denial of those objections was proper, since the Support Magistrate's recommendations had no force and effect until confirmed by the Family Court Judge (*see Matter of Dakin v Dakin*, 75 AD3d 639, 639-640 [2010]; *see also Matter of Roth v Bowman*, 245 AD2d 521 [1997]; Family Ct Act § 1112).

Upon, in effect, confirming the willfulness finding, the Family Court issued an order of commitment directing that the father be committed to the Westchester County Jail unless he purged his contempt by paying the sum of $1,140 to the Support Collection Unit. The father's failure to pay child support constituted prima facie evidence of a willful violation (*see* Family Ct Act

§ 454 [3] [a]). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the order on consent was not willful (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *see also Matter of Rube v Tornheim*, 67 AD3d 916 [2009]).

"In the absence of proof of an ability to pay, an order of commitment for willful violation of a support order may not stand" (*Matter of Grasso v LaRocca*, 54 AD3d 760 [2008]). Based upon the evidence on this record, the father met his burden of establishing his inability to meet his child support obligation set forth in the order dated April 11, 2005. The evidence did not support the Support Magistrate's finding that the father had the means, resources, and ability to pay child support, but chose not do so (*see Matter of Mazzilli v Mazzilli*, 248 AD2d 474 [1998]).

In light of our determination, we need not address the father's remaining contentions. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.