■ In the Matter of BORIS SUYUNOV, Respondent, v JULIA TARASHCHANSKY, Appellant. In the Matter of JULIA TARASHCHANSKY, Appellant, v BORIS SUYUNOV, Respondent. (Proceeding No. 2.) In the Matter of JULIA TARASHCHANSKY, Appellant, v BORIS SUYUNOV, Respondent. (Proceeding No. 3.) [950 NYS2d 399]—

In three related child support proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Toussaint, J.), dated April 11, 2011, which denied her objections to so much of an order of the same court (Baur, S.M.), dated July 7, 2010, as, after a hearing, granted the father's petition for a downward modification of his child support obligation set forth in an order dated April 10, 2007, in effect, denied that branch of her petition which was for an upward modification of the father's child support obligation, and granted that branch of her separate petition which was to enforce the order dated April 10, 2007, only to the extent of directing the father to pay the sum of $363 for unreimbursed medical expenses.

Ordered that the order dated April 11, 2011, is affirmed, with costs.

In reviewing a determination of the Family Court, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses (*see Matter of Kirchain v Smith*, 84 AD3d 1237 [2011]). Here, the record supports the Support Magistrate's findings that the father was entitled to a downward modification of his child support obligation based upon his loss of employment.

A party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Matter of Bouie v Joseph*, 91 AD3d 641 [2012]; *Matter of Nieves-Ford v Gordon*, 47 AD3d 936 [2008]). Loss of employment may constitute a substantial change in circumstances (*see Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]; *Baker v Baker*, 83 AD3d 977 [2011]; *Matter of Getty v Getty*, 83 AD3d 835 [2011]). A party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that he or she diligently sought to obtain employment commensurate with his or her earning capacity (*see Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]; *Matter of Belmonte v Dreher*, 77 AD3d 937 [2010]).

Here, the father demonstrated that his loss of employment constituted a substantial change in circumstances and that he made a good faith effort to obtain new employment commensurate with his qualifications and experience (*see Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]; *Matter of Getty v Getty*, 83 AD3d 835 [2011]). In response, the mother failed to prove that the father had any undisclosed income, or that the father's efforts to obtain employment were fabricated.

The Support Magistrate's finding that the father did not owe child care expenses pursuant to the prior support order dated April 10, 2007, which provided that the father was to pay one-third of the babysitting costs if he could not "babysit," is supported by the record.

The Support Magistrate providently exercised her discretion in disallowing the testimony of the mother's attorney's husband and denying admission into evidence of unauthenticated documents printed from the internet.

Contrary to the mother's contention, there is no indication that the Support Magistrate was biased against her (*see Matter of Feng Lucy Luo v Yang*, 89 AD3d 946 [2011]; *Matter of Jennifer H.S. v Damien P.C.*, 50 AD3d 588 [2008]).

The mother's remaining contentions are without merit, or are not properly before this Court as they were not raised in her objections to the Support Magistrate's order (*see Matter of Feng Lucy Luo v Yang*, 89 AD3d 946 [2011]; *Matter of Hicks v Hicks*, 87 AD3d 1143 [2011]; *Matter of Forman v Frost*, 67 AD3d 908 [2009]). Skelos, J.P., Florio, Roman and Miller, JJ., concur.