In a proceeding pursuant to Family Court Act article 4, the *631 father appeals from an order of the Family Court, Nassau County (Eisman, J.), dated December 6, 2012, which denied his objections to an order of the same court (Watson, S.M.), dated September 14, 2012, which, after a hearing, dismissed his petition for a downward modification of his child support obligation.
Ordered that the order dated December 6, 2012, is modified, on the law, by deleting the provision, in effect, denying the petitioner’s objection to the words “with prejudice” in the order dated September 14, 2012, and substituting therefor a provision granting that objection and thereupon deleting the words “with prejudice” from the order dated September 14, 2012; as so modified, the order dated December 6, 2012, is affirmed, without costs or disbursements.
A party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (see Matter of French v Gordon, 103 AD3d 722 [2013]; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]). Loss of employment may constitute a substantial change in circumstances (see Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Ceballos v Castillo, 85 AD3d 1161, 1162 [2011]). A party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience (see Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Ceballos v Castillo, 85 AD3d at 1162; Family Ct Act § 451 [2] [b] [ii]).
Here, the father failed to meet his burden of establishing a substantial change in circumstances due to loss of employment. The father failed to submit the compulsory financial form in support of his petition, although he was given proper notice of this obligation (see Family Ct Act § 424-a [a]). Where a party fails to submit financial information, the Family Court may, in its discretion, draw inferences favorable to the opposing party (cf. Matter of Masten v Masten, 150 AD2d 693 [1989]), or deny the petition on the ground of insufficient evidence (cf. Matter of Feng Lucy Luo v Yang, 89 AD3d 946 [2011]). Moreover, the father failed to satisfy his burden of demonstrating that he was making diligent attempts to secure employment commensurate with his qualifications and experience (see Matter of Sabini v Sabini, 105 AD3d 749 [2013]; Family Ct Act § 451 [2] [b] [ii]). Although the father belatedly filed the requisite financial disclosure affidavit and supporting documents with his objec *632 tions to the Support Magistrate’s order, the evidence submitted was insufficient to meet his burden of establishing a decrease in his income of 15% or more since the previous support order was entered (see Family Ct Act §§ 413, 451 [2] [a], [b] [ii]). Accordingly, the Family Court properly denied so much of the father’s objection to the Support Magistrate’s determination as dismissed the instant petition.
However, under the circumstances of this case, the Support Magistrate erred in dismissing the instant petition “with prejudice” to the filing of any subsequent petition for modification of child support. The Family Court has continuing jurisdiction to modify a prior order of child support upon a proper showing of statutorily enumerated circumstances (see Family Ct Act § 451 [2] [a], [b] [i], [ii]). Therefore, the Family Court should have granted so much of the father’s objection as, in effect, sought to strike the words, “with prejudice” from the order dated September 14, 2012, and, upon granting that objection, should have deleted the words “with prejudice” from that order (cf. Matter of French v Gordon, 103 AD3d at 723). Mastro, J.E, Dillon, Angiolillo and Chambers, JJ., concur.