In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Wolff, J.), dated March 14, 2012, which denied his objections to an order of the same court (Hickey, S.M.) dated December 14, 2011, which, upon findings of fact of the same court also dated December 14, 2011, made after a hearing, denied his petition for a downward modification of his child support obligation.
Ordered that the order dated March 14, 2012, is affirmed, without costs or disbursements.
*717 Parties seeking modifications of support orders have the burden of establishing that a substantial change in circumstances warrants modification (see Matter of French v Gordon, 103 AD3d 722, 722 [2013]; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]). Although the loss of employment may in some circumstances constitute a substantial change warranting modification (see Matter of Rodriguez v Mendoza-Gonzalez, 96 AD3d 766, 766-767 [2012]; Matter of Marrale v Marrale, 44 AD3d 773, 775 [2007]), parties seeking a downward modification on that ground must demonstrate that they made diligent attempts to secure new employment commensurate with their education, ability, and experience (see Family Ct Act § 451 [2]; Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Madura v Nass, 304 AD2d 579, 580 [2003]).
The Support Magistrate declined to modify the father’s child support obligation. Although the father had lost his job, he was meeting his support obligation, and the Support Magistrate found that his testimony was incredible with respect to his monthly expenses and his attempts to obtain new employment. On appeal, deference should be given to credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses (see Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Kirchain v Smith, 84 AD3d 1237, 1237 [2011]). The Support Magistrate’s credibility finding is supported by the record and should not be disturbed (see Matter of Gansky v Gansky, 103 AD3d 894, 895 [2013]; Matter of Penninipede v Penninipede, 6 AD3d 445, 446-447 [2004]).
Additionally, the father, who was represented by counsel, failed to object to proceeding with the fact-finding hearing on a date that he now asserts was set only for the exchange of discovery (see Matter of Michelle F.F. v Edward J.F., 50 AD3d 348, 350 [2008]).
Accordingly, the Family Court did not improvidently exercise its discretion in denying the father’s objections to the Support Magistrate’s order dated December 14, 2011 (see id.; Matter of Madura v Nass, 304 AD2d at 580). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.