In the Matter of DONALD J. NENNINGER, JR., Appellant, v HOLLY L. TONNESSEN, Respondent. [977 NYS2d 897]—

A party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Matter of French v Gordon*, 103 AD3d 722 [2013]; *Matter of Suyunov v Tarashchansky*, 98 AD3d 744, 745 [2012]). Loss of employment may constitute a substantial change in circumstances (*see Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Ceballos v Castillo*, 85 AD3d 1161, 1162 [2011]). A party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience (*see Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]; Family Ct Act § 451 [2] [b] [ii]).

Here, the Family Court properly denied the father's objections to the Support Magistrate's order denying his petition for a downward modification of his child support obligation. The record supports the Family Court's determination that the father failed to submit competent proof of his diligent efforts to obtain employment commensurate with his qualifications and experience (*see Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]; Family Ct Act § 451 [2] [b] [ii]). Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.