In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Luft, J.), dated February 5, 2013, which denied his objections to an order of the same court (Lynnaugh, S.M.), dated May 17, 2012, which, after a hearing and upon findings of fact dated May 11, 2012, dismissed his petition for a downward modification of his child support obligation and determined that he willfully violated an order of child support of the same court (Joseph-Cherry, S.M.), dated June 9, 2010, and (2) an order of the same court (Luft, J), also dated February 5, 2013, which denied his objections to an order of the same court (Lynnaugh, S.M.), dated December 14, 2012, which granted the mother’s motion for an award of an attorney’s fee.
Ordered that the orders are affirmed, with one bill of costs.
A party seeking modification of a child support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (see Matter of French v Gordon, 103 AD3d 722 [2013]; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]). A parent’s loss of employment may constitute a substantial change in circumstances (see Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Ceballos v Castillo, 85 AD3d 1161, 1162 [2011]). A party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience (see Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Ceballos v Castillo, 85 AD3d at 1162; Matter of Muselevichus v Muselevichus, 40 AD3d 997, 998 [2007]; Family Ct Act § 451 [2] [b] [ii]). On appeal, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses (see Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Kirchain v Smith, 84 AD3d 1237 [2011]).
*799 Here, the record supports the Support Magistrate’s determination that the father did not testify credibly regarding the reasons and circumstances surrounding his departure from his former employment. Further, contrary to the father’s contention, he failed to adduce sufficient credible evidence to satisfy his burden of establishing that he lost his employment through no fault of his own and that he diligently sought re-employment commensurate with his earning capacity (see Matter of DaVolio v DaVolio, 101 AD3d 1120 [2012]; Matter of Atabay v Cinar, 96 AD3d 832 [2012]; Matter of Riendeau v Riendeau, 95 AD3d 891 [2012]; Basile v Wiggs, 82 AD3d 921 [2011]). Thus, the Family Court properly denied the father’s objections to the Support Magistrate’s finding that the father was not entitled to a downward modification of his child support obligation.
The father’s remaining contentions are either not properly before this Court, without merit, or based on material which is dehors the record and which may not be considered on this appeal (see Matter of Hall v Hall, 250 AD2d 768 [1998]). Balkin, J.E, Chambers, Lott and Hinds-Radix, JJ., concur.