■ In the Matter of WILLIAM BAUMGARDNER, Appellant, v COLEEN BARRY BAUMGARDNER, Respondent. [6 NYS3d 90]—

Appeal from an order of the Family Court, Suffolk County (Martha Luft, J.), dated February 7, 2014. The order denied the father's objections to a prior order of that court (Barbara Lynaugh, S.M.), dated September 6, 2013, which, inter alia, after a hearing, in effect, denied his petition for modification of the parties' respective child support obligations, as set forth in the parties' judgment of divorce, and found him to be in violation of his child support obligation.

Ordered that the order dated February 7, 2014, is modified, on the law, by deleting the provision thereof denying the father's objections to so much of the order dated September 6, 2013, as, in effect, denied his petition for modification of the parties' respective child support obligations, as set forth in the parties' judgment of divorce, and substituting therefor a provision granting those objections and vacating the provision of the order dated September 6, 2013, in effect, denying the father's petition for modification of the parties' respective child support obligations; as so modified, the order dated February 7, 2014, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and determination of the father's petition for modification of the parties' respective child support obligations.

The parties were married on March 22, 1997, and there are two children of the marriage. The father has custody of one child, and the mother has custody of the other child. In a judgment of divorce dated September 21, 2011, the Supreme Court directed the father to pay to the mother child support on behalf of the child in the mother's custody in the amount of $1,063.21 per month, and directed the mother to pay to the father child support on behalf of the child in the father's custody in the amount of $282.62 per month. Thereafter, the father filed a petition seeking a downward modification of his child support obligation and an upward modification of the mother's child support obligation, and the mother filed a cross petition alleging that the father had violated the order of support. After a consolidated hearing, the Support Magistrate, in effect, denied the father's petition for modification and granted the mother's cross petition, finding that the father was in violation his child support obligation. In the order appealed from, the Family Court denied the father's objections to the Support Magistrate's determination.

The party seeking modification of an order of child support

has the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]; *Matter of Suyunov v Tarashchansky*, 98 AD3d 744, 745 [2012]; *Matter of Bouie v Joseph*, 91 AD3d 641, 642 [2012]; *see also* Family Ct Act § 451). In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including " 'the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children' " (*Matter of Fantel v Stamatatos*, 59 AD3d 717, 718 [2009], quoting *Shedd v Shedd*, 277 AD2d 917, 918 [2000]; *see Matter of Brescia v Fitts*, 56 NY2d 132, 141 [1982]; *Matter of Heyward v Goldman*, 23 AD3d 468, 469 [2005]). A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued (*see Matter of Levine-Seidman v Seidman*, 88 AD3d 883, 884 [2011]; *Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009]; *Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]). However, a parent's obligation is not necessarily determined by his or her current financial condition, but, rather, is determined by his or her ability to provide support (*see Matter of Levine-Seidman v Seidman*, 88 AD3d at 884; *Matter of Talty v Talty*, 42 AD3d at 547). Moreover, where a party's account of his or her finances is not credible, the court may impute to that party a true or potential income higher than that claimed (*see Matter of Gravenese v Marchese*, 57 AD3d 992, 993 [2008]; *Matter of Strella v Ferro*, 42 AD3d 544, 545 [2007]).

Here, the Support Magistrate did not improvidently exercise her discretion in declining to rely on the father's account of his finances in determining that he failed to establish a substantial change of circumstances warranting a modification based on a decrease in his income (*see Matter of Gansky v Gansky*, 103 AD3d 894 [2013]). However, the Support Magistrate's determination failed to acknowledge evidence demonstrating a significant increase in the mother's income since the entry of the original order of support, which warranted a new determination of the parties' respective child support obligations (*see Matter of Braun v Abenanti*, 103 AD3d 717 [2013]; *Matter of Green v Silver*, 96 AD3d 843 [2012]). Accordingly, the Family Court erred in denying the father's objections to so much of the Support Magistrate's order as, in effect, denied his petition for modification of the parties' respective child support obligations.

Family Court Act § 454, provides that, upon a finding that a respondent has failed to comply with any lawful order of support, the court shall enter a money judgment (*see* Family Ct Act § 454 [2] [a]). In addition, upon a finding that a respondent has willfully failed to obey any lawful order of support, the court may, inter alia, commit the respondent to jail for a term not to exceed six months (*see* Family Ct Act § 454 [3] [a]). "A determination by a support magistrate that a person is in willful violation of a support order and recommending commitment has no force and effect until confirmed by a Judge of the Family Court" (*Matter of Dakin v Dakin*, 75 AD3d 639, 639-640 [2010]; *see* Family Ct Act § 439 [a]; *Matter of Flanagan v Flanagan*, 109 AD3d 470 [2013]). "Such a determination by a support magistrate does not constitute a final order to which a party may file written objections" (*Matter of Dakin v Dakin*, 75 AD3d at 640; *see* Family Ct Act § 439 [e]; *Matter of Flanagan v Flanagan*, 109 AD3d 470 [2013]).

Here, the Support Magistrate, upon finding that the father failed to comply with the prior order of support, properly directed that a money judgment be entered in favor of the mother (*see* Family Ct Act § 454 [2] [a]). Accordingly, the Family Court properly denied the father's objections to so much of the order of the Support Magistrate as directed that a money judgment be entered in favor of the mother. To the extent that the father filed objections to the Support Magistrate's finding of willfulness and her recommendation of a term of incarceration, the Family Court's denial, in effect, of those objections was proper, since the Support Magistrate's recommendations had no force and effect until confirmed by a Judge of the Family Court (*see Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]; *see also Matter of Flanagan v Flanagan*, 109 AD3d 470 [2013]; *Matter of Dakin v Dakin*, 75 AD3d 639 [2010]).

The father's remaining contentions are without merit. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.