■ In the Matter of TYRONE CATO, Appellant, v PAMELA CATO, Respondent. (Appeal No. 1.) In the Matter of TYRONE CATO, Appellant, v PAMELA CATO, Respondent. NEW YORK CITY HUMAN RESOURCES ADMINISTRATION CHILD SUPPORT COLLECTION UNIT, Intervenor-Respondent. (Appeal No. 2.) [22 NYS3d 459]—

Appeals from two orders of the Family Court, Kings County (Maria Arias, J.), dated October 22, 2014, and February 25, 2015, respectively. The order dated October 22, 2014, denied the father's objections to an order of that court (Elizabeth Shamahs, S.M.), dated July 16, 2014, which denied his petition for a downward modification of his child support obligation. The order dated February 25, 2015, denied the father's objections to a determination of the New York City Human Resources Administration Child Support Collection Unit dated December 2, 2014, which denied his challenge to a notice to suspend his driver license.

Ordered that the orders are affirmed, with one bill of costs to the intervenor-respondent.

"A 'party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification' " (*Matter of Rolko v Intini*, 128 AD3d 705, 706 [2015], quoting *Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 896-897 [2015]; *see Matter of Lagani v Li*, 131 AD3d 1246 [2015]; *Matter of Pepe v Pepe*, 128 AD3d 831, 834 [2015]; Family Ct Act § 451). "A parent's loss of employment may constitute a substantial change in circumstances" (*Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]; *see Matter of Suyunov v Tarashchansky*, 98 AD3d 744, 745 [2012]; *Matter of Ceballos v Castillo*, 85 AD3d 1161, 1163 [2011]). However, where loss of employment is the basis of the petition for downward modification, the parent "must submit competent proof that 'the termination occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity' " (*Matter of Rolko v Intini*, 128 AD3d at 706, quoting *Matter of Riendeau v Riendeau*, 95 AD3d 891, 892 [2012]; *see Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *Ashmore v Ashmore*, 114 AD3d 712, 713 [2014]). "The proper amount of support to be paid . . . is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (*Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998-999 [2007]; *see Matter of Rolko v Intini*, 128 AD3d at 706; *Matter of Baumgardner v Baumgardner*, 126 AD3d at 896-897; *Ashmore v Ashmore*, 114 AD3d at 713). On appeal, the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses, are entitled to deference (*see Matter of Rolko v Intini*, 128 AD3d at 706; *Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *Matter of Suyunov v Tarashchansky*, 98 AD3d at 745).

Here, although the father claimed that he had been forced to retire from his job because his deteriorating eyesight prevented him from driving safely, which was one of his job duties, he failed to proffer any competent medical testimony supporting this claim (*see Matter of Reinhardt v Hardison*, 122 AD3d 1448 [2014]). In addition, the father failed to demonstrate that he was " 'incapable of working or [had] made a good faith effort to obtain other employment commensurate with his . . . abilities or qualifications' " (*Matter of Pepe v Pepe*, 128 AD3d at 834, quoting *Matter of Gavin v Worner*, 112 AD3d 928, 929 [2013]). Similarly, the father did not present any evidence that his retirement was in fact involuntary (*see Matter of Watrous v Watrous*, 295 AD2d 664, 665-666 [2002]; *Matter of McKeown v Woessner*, 249 AD2d 396, 397-398 [1998]). Accordingly, the Fam-

ily Court properly denied the father's objections to the Support Magistrate's order denying his petition seeking a downward modification of his child support obligation.

Regarding the February 25, 2015 order, the record demonstrates that the father's child support arrears were greater than the amount of support due for a period of four months, which constitutes a basis for suspending driving privileges (*see* Social Services Law § 111-b [12] [b] [1]; *see also* Family Ct Act §§ 454 [2] [e]; 458-a [a]). Therefore, the Family Court properly upheld the determination of the New York City Human Resources Administration Child Support Collection Unit denying the father's challenge to a notice to suspend his driver license (*see Matter of Forbes v Nixon*, 36 AD3d 702 [2007]; *Matter of Adrianne F. v Anthony S.*, 8 Misc 3d 751, 756 [Fam Ct, Kings County 2005]).

The father's remaining contentions are without merit or are not properly before this Court. Dillon, J.P., Austin, Roman and Barros, JJ., concur.