■ In the Matter of JOEL EALY, Respondent, v ERIN LEVY-HILL, Appellant. [33 NYS3d 754]—

Appeal from an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), dated February 24, 2015. The order, insofar as appealed from, denied the mother's objections to an order of that court (Gladys E. Braxton, S.M.) dated December 24, 2014, which, after a hearing, granted the father's petition for a downward modification of his child support obligation.

Ordered that the order dated February 24, 2015, is reversed insofar as appealed from, on the law, with costs, the mother's objections are granted, the order dated December 24, 2014, is vacated, and the father's petition for a downward modification of his child support obligation is denied.

The Family Court should have granted the mother's objections to the Support Magistrate's order granting the father's petition for a downward modification of his child support obligation. A "party seeking modification of an order of child

support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 896-897 [2015]; *see Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]; *Matter of Suyunov v Tarashchansky*, 98 AD3d 744, 745 [2012]). Here, although the loss of employment can constitute such a change in circumstances, the father failed to establish that the termination of his employment did not involve his own fault, and he did not present competent proof at the hearing that, after he lost his job, he made a diligent effort to obtain new employment commensurate with his qualifications and experience (*see Matter of Rubenstein v Rubenstein*, 114 AD3d at 798-799; *Ashmore v Ashmore*, 114 AD3d 712, 713 [2014]; *Matter of Nenninger v Tonnessen*, 113 AD3d 619 [2014]; *Matter of Gedacht v Agulnek*, 67 AD3d 1013 [2009]; *Matter of Awwad v Awwad*, 62 AD3d 695 [2009]). We note that the father failed to submit evidence such as résumés sent to potential employers, or proof that he had been on any interviews in search of employment (*see Matter of Fantau v Fantau*, 134 AD3d 1109, 1110 [2015]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.