Appeal by the father from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated September 20, 2016. The order denied the father’s objections to an order of that court (Nadine J. Satterthwaite, S.M.) dated May 27, 2016, which, after a hearing, denied his petition for a downward modification of his child support obligation.
 

 Ordered that the order dated September 20, 2016, is affirmed, without costs or disbursements.
 

 In April 2015, the father filed a petition seeking a downward modification of his child support obligation. He alleged that he was diagnosed with a mental illness which prevented him from securing employment commensurate with his education and experience, resulting in a significant reduction in his income. Following a hearing, a Support Magistrate denied the father’s petition. Thereafter, in an order dated September 20, 2016, the Family Court denied the father’s objections to the Support Magistrate’s order. The father appeals from the order dated September 20, 2016.
 

 “A party seeking modification of a child support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification” (Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798 [2014]; see Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897 [2015]). “A parent’s loss of employment may constitute a substantial change in circumstances” (Matter of Rubenstein v Rubenstein, 114 AD3d at 798; see Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]; Matter of Ceballos v Castillo, 85 AD3d 1161, 1162 [2011]). “A party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience” (Matter of Rubenstein v Rubenstein, 114 AD3d at 798; see Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Ceballos v Castillo, 85 AD3d at 1162-1163; Matter of Muselevichus v Muselevichus, 40 AD3d 997, 998 [2007]; Family Ct Act § 451 [3] [b] [ii]). On appeal, “deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses” (Matter of Suyunov v Tarashchansky, 98 AD3d at 745; see Matter of Kirchain v Smith, 84 AD3d 1237, 1237 [2011]).
 

 Here, the record supports the Support Magistrate’s determination that the father failed to establish that he made diligent attempts to secure employment commensurate with his education, ability, and experience. Contrary to the father’s contention, he failed to present competent medical evidence in support of his testimony that a diagnosis of bipolar disorder interfered with his ability to obtain gainful employment to meet his child support obligation (see Matter of Cato v Cato, 134 AD3d 821, 822 [2015]; Matter of Reinhardt v Hardison, 122 AD3d 1448 [2014]; D’Alesio v DAlesio, 300 AD2d 340 [2002]; Matter of Yourman v Yourman, 216 AD2d 308 [1995]; Praeger v Praeger, 162 AD2d 671 [1990]). Thus, the Family Court properly denied the father’s objections to the Support Magistrate’s order finding that the father was not entitled to a downward modification of his child support obligation.
 

 Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.