Appeal by the father from an order of the Family Court, Rockland County (Rachel E. Tanguay-McGuane, J.), entered July 14, 2016. The order denied the father’s objections to an order of that court (Latoya Stephens, S.M.) dated April 18, 2016, which, after a hearing, denied his petition for a downward modification of his child support obligation.
 

 Ordered that the order entered July 14, 2016, is affirmed, without costs or disbursements.
 

 In December 2014, the father filed a petition seeking a downward modification of his child support obligation. He alleged that he was permanently disabled and unable to work in any capacity, and that his only sources of income were social security disability benefits and a small stipend that he received for serving on a town planning board. Following a hearing, in an order dated April 18, 2016, the Support Magistrate denied the father’s petition. Thereafter, in an order entered July 14, 2016, the Family Court denied the father’s objections to the Support Magistrate’s order. The father appeals from the order entered July 14, 2016.
 

 In order for a party to be entitled to a modification of a child support order, that party must show “a substantial change in circumstances” since the entry of the order (Family Ct Act § 451 [3] [a]; see Matter of Pepe v Pepe, 128 AD3d 831, 834 [2015]). Although a petition for a downward modification of child support may be granted based on a parent’s loss of employment due to an injury or illness, it may be denied if the parent still has the ability to provide support through some other type of employment (see Matter of Karagiannis v Karagiannis, 73 AD3d 1064, 1065 [2010]). A party seeking modification on the basis of loss of employment due to illness must show that he or she has made a good faith effort to obtain other employment commensurate with his or her abilities or qualifications (see id. at 1065). On appeal, credibility determinations of the hearing court are entitled to great weight and will not be disturbed if supported by the record (see id.).
 

 Here, the record supports the Support Magistrate’s determination that the father failed to establish a substantial change in circumstances since the entry of the prior child support order. The father failed to present any competent medical evidence in support of his testimony that he is permanently and completely disabled and unable to obtain gainful employment to meet his child support obligation (see Matter of Hackett v Hackett, 154 AD3d 751 [2017]; Matter of Cato v Cato, 134 AD3d 821, 822 [2015]).
 

 The father’s remaining contentions are without merit or not properly before this Court.
 

 Accordingly, the Family Court properly denied the father’s objections to the Support Magistrate’s order denying his petition for a downward modification of his child support obligation.
 

 Hall, J.P., Hinds-Radix, Maltese and Iannacci, JJ., concur.