Appeal by the father from an order of the Family Court, Nassau County (Felice J. Muraca, J.), dated November 14, 2016. The order denied the father’s objections to an order of that court (Adam E. Small, S.M.), dated April 28, 2016, which, after a fact-finding hearing, dismissed, without prejudice, his petition for a downward modification of his child support obligation.
 

 Ordered that the order dated November 14, 2016, is affirmed, with costs.
 

 A “party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification” (Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897 [2015]; see Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798 [2014]; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]). “A parent’s loss of employment may constitute a substantial change in circumstances” (Matter of Rubenstein v Rubenstein, 114 AD3d at 798; see Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Ceballos v Castillo, 85 AD3d 1161, 1162 [2011]). A parent seeking downward modification of a child support obligation must submit competent proof that “the termination occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity” (Matter of Riendeau v Riendeau, 95 AD3d 891, 892 [2012]; see Matter of Rubenstein v Rubenstein, 114 AD3d at 798; Ashmore v Ashmore, 114 AD3d 712, 713 [2014]; Matter of Nenninger v Tonnessen, 113 AD3d 619 [2014]; Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Ceballos v Castillo, 85 AD3d at 1162).
 

 Here, the record supports the Support Magistrate’s determination that the father failed to demonstrate a substantial change in circumstances warranting a downward modification of his child support obligation. The evidence submitted relating to the father’s unemployment showed that he voluntarily left his job to follow his girlfriend to Florida. Thus, the father failed to establish that the termination of his employment did not occur through his own fault (see Matter of Rosalind EE. v William EE., 4 AD3d 629 [2004]; Alfano v Alfano, 151 AD2d 530 [1989]; see also Matter of Westwater v Donnelly, 204 AD2d 467 [1994]). Furthermore, the father failed to adduce sufficient evidence to satisfy his burden of establishing that he diligently sought re-employment commensurate with his qualifications and experience (see Matter of Rolko v Intini, 128 AD3d 705 [2015]; Matter of Riendeau v Riendeau, 95 AD3d 891 [2012]; Matter of Peterson v Peterson, 75 AD3d 512 [2010]; Matter of Gedacht v Agulnek, 67 AD3d 1013 [2009]).
 

 The father’s remaining contention is without merit.
 

 Accordingly, the Family Court properly denied the father’s objections to the Support Magistrate’s order finding that he was not entitled to a downward modification of his child support obligation.
 

 Austin, J.P., Roman, Sgroi and Brathwaite Nelson, JJ., concur.