Isichenko v Isichenko (2018 NY Slip Op 03341)





Isichenko v Isichenko


2018 NY Slip Op 03341


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-12508
 (Index No. 2104/11)

[*1]Michael Isichenko, appellant,
v Tanya Isichenko, respondent.


David I. Bliven, White Plains, NY, for appellant.
McCarthy Fingar, LLP, White Plains, NY (Kathleen Donelli and Kristen Pennessi of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated December 2, 2015. The order denied, without a hearing, the plaintiff's motion for a downward modification of his spousal maintenance and child support obligations, and granted the defendant's cross motion for an award of costs in the form of attorney's fees in the sum of $15,000.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for a downward modification of his spousal maintenance obligation, and (2) by deleting the provision thereof granting the defendant's cross motion, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.
The parties were divorced by a judgment dated July 8, 2011, which set forth, inter alia, the plaintiff's obligations with respect to spousal maintenance, and child support for the parties' son. In 2015, the plaintiff moved for a downward modification of those obligations. The plaintiff alleged, inter alia, that a change of circumstances had occurred warranting modification; specifically, a loss of employment which significantly reduced his annual income, a substantial increase in the defendant's income and net asset value, and the fact that the child no longer resided with the defendant for the majority of the year due to his matriculation at a university. The Supreme Court declined to grant an evidentiary hearing and denied the motion, finding, inter alia, that the plaintiff's alleged income reduction did not constitute a change of circumstances sufficient to warrant a downward modification of his maintenance or child support obligation, and that a change in the defendant's income could not be a basis for a reduction of those obligations. The court also granted the defendant's cross motion for an award of costs in the form of attorney's fees on the ground that the plaintiff's motion lacked a basis in law or fact. The plaintiff appeals.
The Supreme Court should not have denied, without a hearing, that branch of the plaintiff's motion which was for a downward modification of his spousal maintenance obligation. The plaintiff demonstrated, prima facie, that his gross annual income has been substantially reduced from the $750,000 in income that was imputed to him for the purpose of the spousal maintenance award in the parties' divorce judgment. Moreover, the plaintiff's statements that he was only able to obtain employment at a salary that is significantly lower than the salary he was earning shortly before the parties' divorce were supported by the sworn submissions of job recruiters, colleagues, [*2]and a vocational expert. This evidence established a genuine issue of fact as to whether the reduction in his income was based on a decline in his opportunities for employment, thereby presenting a substantial change in circumstances meriting a downward modification of his maintenance payments (see Domestic Relations Law § 236[B][4][a]; 22 NYCRR 202.16 [g]; Matter of Getty v Getty, 83 AD3d at 835; David v David, 54 AD3d 714; Stedfelt v Stedfelt, 258 AD2d 642, 642-643; see also Matter of Belmonte v Dreher, 77 AD3d 937). Accordingly, we remit the matter to the Supreme Court, Westchester County, for an evidentiary hearing on this issue.
On the other hand, we agree with the Supreme Court's determination denying, without a hearing, that branch of the plaintiff's motion which was for a downward modification of his child support obligation, as it was based on his unsubstantiated allegations that there was a substantial enough change of circumstances to justify such a modification (see Domestic Relations Law § 236[B][9][b][2][i]; Matter of Lindsay v Lindsay-Lewis, 156 AD3d 642). The plaintiff did not demonstrate, prima facie, that his gross annual income has been substantially reduced from the $350,000 in annual income that was imputed to him for the purpose of the child support award in the parties' divorce judgment (see Matter of Fein v Gilchrist, 23 AD3d 558, 559).
In light of our determination, the Supreme Court's granting of the defendant's cross motion for an award of costs against the plaintiff in the form of attorney's fees was improper, since the plaintiff's motion was not so lacking in merit as to justify such an award (see 22 NYCRR 130-1.1[c]; Matter of Katz v Shomron, 71 AD3d 770; see also Matter of Nenninger v Kelly, 140 AD3d 964, 965).
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court