Matter of Patscot v Fisco (2018 NY Slip Op 08135)





Matter of Patscot v Fisco


2018 NY Slip Op 08135


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-10331
 (Docket No. F-21933-13)

[*1]In the Matter of Paul Patscot, Jr., appellant, 
v
Anna Fisco, respondent.


Petroske Riezenman & Meyers, P.C., Hauppauge, NY (Michael W. Meyers of counsel), for appellant.
Tini Law, P.C., Copiague, NY (Francesco P. Tini of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Anthony S. Senft, Jr., J.), dated August 21, 2017. The order denied the father's objections to an order of the same court (Kathryn L. Coward, S.M.) dated June 5, 2017, which, after a hearing, and upon findings of fact also dated June 5, 2017, denied his petition for a downward modification of his child support obligation.
ORDERED that the order dated August 21, 2017, is affirmed, with costs.
A "party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897; see Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745). "A parent's loss of employment may constitute a substantial change in circumstances" (Matter of Rubenstein v Rubenstein, 114 AD3d at 798; see Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Ceballos v Castillo, 85 AD3d 1161, 1162). However, a parent seeking downward modification of a child support obligation based on loss of employment must submit competent proof that "the termination occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity" (Matter of Riendeau v Riendeau, 95 AD3d 891, 892; see Matter of Rubenstein v Rubenstein, 114 AD3d at 798; Ashmore v Ashmore, 114 AD3d 712, 713; Matter of Suyunov v Tarashchansky, 98 AD3d at 745; Matter of Ceballos v Castillo, 85 AD3d at 1162). "On appeal, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses" (Matter of Rubenstein v Rubenstein, 114 AD3d at 798; see Matter of Gansky v Gansky, 103 AD3d 894, 895; Matter of Suyunov v Tarashchansky, 98 AD3d at 745).
Here, the record supports the Support Magistrate's determination that the father failed to show that he was unable to perform work in any capacity (see Matter of Marrale v Marrale, 44 AD3d 773). Further, the court need not rely upon a party's own account of his or her finances, but may impute income based upon, among other things, the party's past income, demonstrated future potential earnings, educational background, or money received from friends and relatives (see Gafycz v Gafycz, 148 AD3d 679; Abizadeh v Abizadeh, 137 AD3d 824, 825; Matter of Mongelluzzo v [*2]Sondgeroth, 95 AD3d 1332; Matter of Rohme v Burns, 92 AD3d 946, 947). In this case, the record supports the Support Magistrate's determination to impute income to the father.
Accordingly, we agree with the Support Magistrate's determination denying the father's petition for a downward modification of his child support obligation.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court