Matter of Gharachorloo v Regeer (2019 NY Slip Op 04941)





Matter of Gharachorloo v Regeer


2019 NY Slip Op 04941


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-00841
 (Docket No. F-10192-12/17L)

[*1]In the Matter of Nader Gharachorloo, appellant,
v
Jennifer Regeer, respondent.


The Law Firm of Gary N. Weintraub, LLP, Huntington, NY, for appellant.
Somer & Heller, LLP, Commack, NY (Jeffrey T. Heller of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated December 14, 2018. The order denied the father's objections to an order of the same court (Kathryn L. Coward, S.M.) dated October 19, 2018, which, after a hearing, and upon findings of fact dated October 18, 2018, denied his petition for a downward modification of his child support obligation.
ORDERED that the order dated December 14, 2018, is affirmed, with costs.
The mother and the father are the unmarried parents of a child. The mother has custody of the child, and pursuant to an order dated May 2, 2016, entered on the parties' consent, the father was directed to pay child support in the sum of $587 bi-weekly, payable through the Support Collection Unit.
On May 5, 2017, the father lost his job due to a reduction in the workforce at his place of employment. On October 24, 2017, the father filed a petition seeking a downward modification of his child support obligation. Following a hearing, in an order dated October 19, 2018, the Support Magistrate denied the petition, finding that the father had failed to demonstrate a change in circumstances since the prior order warranting a downward modification of his child support obligation. The father filed objections to the Support Magistrate's order. In an order dated December 14, 2018, the Family Court denied the father's objections. The father appeals.
The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification (see Family Ct Act § 451; Matter of Patscot v Fisco, 166 AD3d 981, 981; Matter of Lindsay v Lindsay-Lewis, 156 AD3d 642, 642; Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896). "A parent's loss of employment may constitute a substantial change in circumstances" (Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798; see Matter of Hackett v Hackett, 154 AD3d 751, 752; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745). A parent seeking a downward modification of a child support obligation must submit competent proof that "the termination occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity" (Matter of Riendeau v Riendeau, 95 AD3d 891, 892; see Matter of Patscot v Fisco, 166 AD3d at 982; Matter of Gillison v Penepent, 156 AD3d 697, 698; [*2]Matter of Lindsay v Lindsay-Lewis, 156 AD3d at 642; Matter of Rubenstein v Rubenstein, 114 AD3d at 798). However, "[t]he proper amount of support to be paid . . . is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (Matter of Muselevichus v Muselevichus, 40 AD3d 997, 998-999; see Pathak v Shukla, 164 AD3d 690, 691; Matter of Gillison v Penepent, 156 AD3d at 698; Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1033).
On appeal, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses (see Matter of Hezi v Hezi, 141 AD3d 587, 588; Matter of Rubenstein v Rubenstein, 114 AD3d at 798; Matter of Ippolito v Uriarte, 112 AD3d 716, 717).
Here, the Support Magistrate properly considered the father's assets, as well as his earning capacity, in determining that, under the circumstances, the father was not entitled to a downward modification (see Lueker v Lueker, 132 AD3d 739, 741; Matter of Fragola v Alfaro, 45 AD3d 684, 686; cf. Matter of Silver v Reiss, 74 AD3d 1441, 1441-1442). Furthermore, the record does not support the father's claim that his savings were depleted by the payment of child support. Rather, the record demonstrates that the depletion of the father's savings was due to his voluntary assumption of unrelated expenses, such as the rental of a second apartment following his loss of employment (see Matter of Carr v Carr, 19 AD3d 839, 843).
Accordingly, we agree with the Family Court's denial of the father's objections to the Support Magistrate's order denying the father's petition for a downward modification of his child support obligation.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court