Matter of Glenn White v Holder (2019 NY Slip Op 05552)





Matter of Glenn White v Holder


2019 NY Slip Op 05552


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-14689
 (Docket No. F-36233-10/18F)

[*1]In the Matter of Glenn White, respondent, 
v
Debra Holder, appellant.


Orrick, Herrington & Sutcliffe LLP, New York, NY (Rene Kathawala of counsel), for appellant.
Joel S. Charleston, North Woodmere, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Melody Glover, J.), dated November 14, 2018. The order denied the mother's objections to an order of the same court (Elizabeth Shamahs, S.M.) dated August 28, 2018, which, after a hearing, and upon findings of fact dated August 14, 2018, granted the father's petition for a downward modification of his child support obligation.
ORDERED that the order dated November 14, 2018, is affirmed, with costs.
The parties have one child together. On February 28, 2018, the father filed a petition for downward modification of his child support obligation as set forth in an order of support dated February 14, 2011. After a hearing, the Support Magistrate issued an order dated August 28, 2018, granting the father's petition. The Support Magistrate found that there had been a substantial change in circumstances warranting a downward modification of the father's child support obligation, and directed the father to pay child support in the sum of $25 per month. The mother filed objections to the Support Magistrate's order, which were denied by the Family Court in an order dated November 14, 2018. The mother appeals.
The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification (see Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897; see also Family Ct Act § 451[3][a]).
Here, contrary to the mother's contention, the record supported the Support Magistrate's determination that a substantial change in circumstances had occurred, warranting a downward modification of the father's child support obligation (see Family Ct Act § 451[3][a]; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745). The initial order of support was based upon a factual finding that the father had recovered from an accident in which he had been involved and was capable of earning an income. In connection with the present petition, however, evidence was adduced demonstrating that the father has since been determined to be permanently disabled and unable to work, and that his sole sources of income are Supplemental Security Income and Supplemental Nutritional Assistance Program benefits.
Accordingly, we agree with the Family Court's denial of the mother's objections to the Support Magistrate's determination to reduce the father's child support obligation (see Matter of Suyunov v Tarashchansky, 98 AD3d at 745).
The mother's remaining contentions are without merit.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court