Matter of Durand v Pierre-Louis (2022 NY Slip Op 03115)





Matter of Durand v Pierre-Louis


2022 NY Slip Op 03115


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-14484
 (Docket No. F-3027-11)

[*1]In the Matter of Guy Durand, appellant,
v
Frantzo Pierre-Louis, respondent.


Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated November 13, 2019. The order denied the father's objections to an order of the same court (Nadine J. Satterthwaite, S.M.) dated September 6, 2019, which, after a hearing, in effect, denied his petition for a downward modification of his child support obligation.
ORDERED that the order dated November 13, 2019, is affirmed, without costs or disbursements.
The father of the subject child filed a petition for a downward modification of his child support obligation, set forth in an order of support. After a hearing, in an order dated September 6, 2019, the Support Magistrate, in effect, denied the petition. The father filed objections to the Support Magistrate's order, which were denied by the Family Court in an order dated November 13, 2019. The father appeals.
"The court may modify an order of child support . . . upon a showing of a substantial change in circumstances" or where "there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted" (Family Ct Act § 451[3][a], [b][ii]). "A parent's loss of employment may constitute a substantial change in circumstances" (Pathak v Shukla, 164 AD3d 690, 691 [internal quotation marks omitted]). "However, the proper amount of support is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (id. at 691 [internal quotation marks omitted]). "Thus, [a] party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (id. [internal quotation marks omitted]; see Family Ct Act § 451[3][b][ii]).
Here, the father failed to demonstrate that, after being laid off from his job in the field of information technology, he made diligent attempts to secure comparable employment (see Matter of Valverde v Owens, 160 AD3d 753, 755; Matter of Rolko v Intini, 128 AD3d 705, 706). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court