Matter of Vilmont v Vilmont (2023 NY Slip Op 04207)

Matter of Vilmont v Vilmont

2023 NY Slip Op 04207

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-09821
 (Docket No. F-7224-17)

[*1]In the Matter of Sonely C. Vilmont, respondent,
v
Frantz Vilmont, appellant.

Frantz Vilmont, Roosevelt, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Colin Francis O'Donnell, J.), dated October 27, 2022. The order denied the father's objections to an order of the same court (Elizabeth A. Bloom, S.M.) dated September 20, 2022, which, after a hearing, and upon findings of fact dated September 20, 2022, denied his petition for a downward modification of his child support obligation.
ORDERED that the order dated October 27, 2022, is affirmed, without costs or disbursements.
The mother and the father have two children in common. In August 2017, the mother filed a petition for child support, and by order dated August 8, 2019, the Family Court directed the father to pay $417 per month in child support.
In February 2022, the father filed a petition seeking a downward modification of his child support obligation. In his petition, the father alleged that he had been out of work since March 2020, he had no income, and he was not receiving unemployment benefits. A hearing on the father's petition took place in August 2022.
By order dated September 20, 2022, the Support Magistrate denied the father's petition for a downward modification of his child support obligation. The father filed objections to the Support Magistrate's order. By order dated October 27, 2022, the Family Court denied the father's objections. The father appeals.
The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification (see [*2]Family Ct Act § 451(3)(a); Matter of Patscot v Fisco, 166 AD3d 981, 981; Matter of Lindsay v Lindsay-Lewis, 156 AD3d 642, 642; Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896).
"A parent's loss of employment may constitute a substantial change in circumstances" (Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798; see Matter of Nimely v Corneh, 214 AD3d 812; Matter of Hackett v Hackett, 154 AD3d 751, 752). "'However, the proper amount of support is determined not by the parent's current economic situation, but by the parent's assets and earning capacity'" (Matter of Durand v Pierre-Louis, 205 AD3d 806, 807, quoting Pathak v Shukla, 164 AD3d 690, 691). Thus, "[a] party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (Matter of Rubenstein v Rubenstein, 114 AD3d at 798; see Matter of Nimely v Corneh, 214 AD3d at 812; Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d 630, 631; Matter of Durand v Pierre-Louis, 205 AD3d at 807).
Here, the father failed to meet his burden of demonstrating that his employment was terminated through no fault of his own. He also failed to produce any evidence of his job search and to sufficiently prove that he made other efforts to procure equivalent employment. Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order (see Matter of Durand v Pierre-Louis, 205 AD3d at 807; Matter of Siouffi v Siouffi, 186 AD3d 1789, 1792-1793; Matter of Evans v White, 173 AD3d 864, 865; Pathak v Shukla, 164 AD3d at 691).
The father's remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court