Matter of Oelsner v Heppler (2020 NY Slip Op 02071)





Matter of Oelsner v Heppler


2020 NY Slip Op 02071


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-12698
 (Docket No. F-20529-15)

[*1]In the Matter of Robert C. Oelsner, appellant,
v
Megan L. Heppler, respondent.


Robert C. Oelsner, Hopkinton, Rhode Island, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Kathy G. Bergmann, J.), dated September 14, 2018. The order denied the father's objections to an order of the same court (Barbara Lynaugh, S.M.) dated June 29, 2018, which, after a hearing, and upon findings of fact also dated June 29, 2018, dismissed the father's cross petition for a downward modification of his child support obligation.
ORDERED that the order dated September 14, 2018, is affirmed, without costs or disbursements.
The respondent, Megan L. Heppler (hereinafter the mother), and the petitioner, Robert C. Oelsner (hereinafter the father), are the unmarried parents of one child. Pursuant to the terms of a so-ordered agreement, the father is obligated to pay the sum of $1,000 per month in child support. In December 2015, the mother filed a petition seeking to enforce the terms of the parties' agreement with respect to the father's child support obligation. In January 2016, the father filed a cross petition seeking a downward modification of his child support obligation. After a hearing, a Support Magistrate, inter alia, dismissed the father's cross petition, finding that the father failed to meet his burden of establishing a substantial change in circumstances. The father filed objections to the Support Magistrate's determination, and the Family Court remitted the matter for further proceedings. A continued hearing was held upon the remittitur, after which the Support Magistrate again found that the father failed to meet his burden of establishing a substantial change in circumstances and dismissed the father's cross petition. In an order dated September 14, 2018, the Family Court denied the father's objections to the Support Magistrate's determination. The father appeals.
A party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification (see Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896; see also Family Ct Act § 451[3][a]). In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including "the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (Matter of Fantel v [*2]Stamatatos, 59 AD3d 717, 718 [internal quotation marks omitted]; see Matter of Brescia v Fitts, 56 NY2d 132, 141). A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued (see Matter of Rosenberg v Rosenberg, 145 AD3d 1015, 1015; Matter of Rodriguez v Mendoza-Gonzalez, 96 AD3d 766, 766-767).
Here, we agree with the Family Court's determination that the father did not meet his burden of establishing a substantial change in circumstances warranting a downward modification of his child support obligation based on his claim that he no longer can afford the agreed-upon monthly amount (see Matter of Tomassi v Suffolk County Dept. of Social Servs., 144 AD3d 930, 931; Matter of Gansky v Gansky, 103 AD3d 894, 895). The evidence presented, including the father's bank account statements, did not support the father's claim.
The father contends that he was deprived of the effective assistance of counsel. In the context of civil litigation, however, a claim of ineffective assistance of counsel will not be entertained absent extraordinary circumstances (see Matter of Berg v Berg, 166 AD3d 766, 767; Matter of Ferrara v Ferrara, 52 AD3d 599, 600). Here, the father failed to establish the existence of extraordinary circumstances to warrant entertaining such a claim (see Matter of Lorys v Powell, 116 AD3d 1047, 1048; Matter of Ferrara v Ferrara, 52 AD3d at 600).
The father's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court