Matter of Lopez v Campoverde (2022 NY Slip Op 00176)





Matter of Lopez v Campoverde


2022 NY Slip Op 00176


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2021-03461
 (Docket No. F-17592-17/18B)

[*1]In the Matter of Raul Lopez, appellant,
v
Gladys Campoverde, respondent.


Orrick, Herrington & Sutcliffe LLP, New York, NY (René Kathawala of counsel), for appellant.
Stephen David Fink, Forest Hills, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Robert Mulroy, J.), dated March 19, 2021. The order denied the father's objections to an order of the same court (Serena Rosario, S.M.) dated July 10, 2019, which, after a hearing, dismissed the father's petition for a downward modification of his child support obligation.
ORDERED that the order is affirmed, with costs.
Raul Lopez (hereinafter the father) and Gladys Campoverde (hereinafter the mother) have one child together. In an order dated March 6, 2018 (hereinafter the support order), the father was directed, inter alia, to pay $103 per week in basic child support and $60 per week for child care expenses. Although the father had testified in the underlying proceeding that his current weekly income was $300, the Support Magistrate imputed income to the father based on prior earnings, utilizing a weekly income of $700 in calculating the father's child support obligation. By petition dated October 30, 2018, the father sought a downward modification of the basic child support and the elimination of his child care contribution. After a hearing, the Support Magistrate dismissed the father's modification petition. The father filed objections to the Support Magistrate's order. In an order dated March 19, 2021, the Family Court denied the father's objections, and the father appeals.
"A party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Oelsner v Heppler, 181 AD3d 916, 917; see Family Ct Act § 451[3][a]). "A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued" (Matter of Oelsner v Heppler, 181 AD3d at 917).
Here, the Family Court correctly denied the father's objections to the Support Magistrate's order, as he did not establish a substantial change in circumstances warranting the modification (see id.). Contrary to the father's contention, he did not establish a change in circumstances based on a reduction in income, as his income remained the same from the time of entry of the support order to the filing of his modification petition. Nor did he establish that a change [*2]in circumstances warranted eliminating the imputation of income and recalculating his child support obligation based on his current income. Finally, the father did not establish a substantial change in circumstances warranting the termination of his child care contribution.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court