Matter of Gerety v Gerety (2022 NY Slip Op 01455)





Matter of Gerety v Gerety


2022 NY Slip Op 01455


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2021-05086
 (Docket No. F-9188-17/20D)

[*1]In the Matter of Paul Gerety, appellant,
v
Tracey Gerety, respondent.


Robinowitz Cohlan Dubow & Doherty LLP, White Plains, NY (Bruce Minkoff of counsel), for appellant.
Greenspoon Marder LLP, New York, NY (BriAnne A. Copp and Tristan J. Werfelman of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated June 17, 2021. The order denied the father's objections to so much of an order of the same court (Keri A. Fiore, S.M.) dated April 23, 2021, as, without a hearing, dismissed the father's amended petition for a downward modification of his child support obligation.
ORDERED that the order dated June 17, 2021, is affirmed, with costs.
The parties, who have three children together, were divorced by a judgment of divorce dated June 20, 2017. The judgment incorporated, but did not merge, a so-ordered stipulation of custody and access dated December 8, 2016, and a stipulation between the parties resolving issues of, inter alia, maintenance and child support that was placed on the record on December 14, 2016. The so-ordered stipulation of custody and access provided that the parties would have joint legal custody of the children with the mother having primary residential custody. Pursuant to the judgment, the father was directed to pay maintenance in the amount of $2,000 per month commencing December 1, 2016, until December 1, 2020, and child support in the amount of $3,250 per month, until the cessation of the father's maintenance obligation, at which time the father's child support obligation would increase to $4,157 monthly.
On November 4, 2020, the father filed an amended petition for a downward modification of his child support obligation, alleging that there had been a substantial change in circumstances in that the parties' eldest child had turned 21 years of age on September 14, 2020, and was therefore emancipated, and that the amount of child support was excessive for the two remaining unemancipated children. The mother moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the amended petition. In an order dated April 23, 2021, the Support Magistrate, without a hearing, granted the mother's motion to dismiss the father's amended petition for a downward modification of his child support obligation on the ground that it failed to state a cause of action and dismissed the amended petition. The father thereafter filed objections to the Support Magistrate's order, which were denied by the Family Court in an order dated June 17, 2021. The father appeals.
"The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897; see Family Ct Act § 451[3][a]; Matter of Oelsner v Heppler, 181 AD3d 916, 917). "In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (Matter of Baumgardner v Baumgardner, 126 AD3d at 897 [internal quotation marks omitted]; see Matter of Oelsner v Heppler, 181 AD3d at 917). "A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued" (Matter of Baumgardner v Baumgardner, 126 AD3d at 897; see Matter of Oelsner v Heppler, 181 AD3d at 917). "In addition, a party seeking a downward modification of an unallocated order of child support based on the emancipation of one of the children has the burden of proving that the amount of unallocated child support is excessive based on the needs of the remaining children" (Lamassa v Lamassa, 106 AD3d 957, 959; see Goodman v Pettit, 133 AD3d 630, 631).
"'On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7), all of the allegations in the petition are deemed true and the petitioner is afforded the benefit of every favorable inference'" (Matter of Kunik v New York City Dept. of Educ., 142 AD3d 616, 617, quoting Matter of Grecco v Cimino, 100 AD3d 892, 897). "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal [shall] not eventuate" (Matter of Kunik v New York City Dept. of Educ., 142 AD3d at 618; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as granted the mother's motion to dismiss his amended petition without first conducting a hearing, as he failed to allege facts that set forth a substantial change in circumstances warranting a downward modification of his child support obligation (see generally Matter of Rosenberg v Rosenberg, 145 AD3d 1015, 1015-1016; Matter of Rosenthal v Weiss, 129 AD3d 738). The emancipation of the parties' eldest child by reason of having attained the age of 21 (see Matter of Shisgal v Abels, 179 AD3d 1070, 1072; Matter of Cellamare v Lakeman, 36 AD3d 906, 906), was not a substantial change in circumstances, as by the terms of the parties' stipulation, the automatic increase in the father's child support obligation from $3,250 per month to $4,157 per month in December 2020 was to occur subsequent to when the eldest child became emancipated in September 2020 (see generally Matter of Fein v Gilchrist, 23 AD3d 558, 559).
The father also failed to allege a substantial change in circumstances based on his allegation that the unallocated child support in the amount of $4,157 was excessive for the two remaining unemancipated children. "'[T]he existence of a substantial change in circumstances [is] measured by comparing the payor's financial situation at the time of the application for downward modification with the payor's financial situation when the award that the payor seeks to modify was made'" (Matter of Rosenberg v Rosenberg, 145 AD3d at 1015, quoting Matter of Signorile v Kaminski, 116 AD3d 961, 962). In this matter, the father alleges that the agreed-upon amount of support is excessive in light of the fact that the second eldest child is living away from home and is being supported by his college fund and earnings from work, with only $25 per week being provided to him by the mother, and in light of the fact that the youngest child's private school is being paid for with her college fund, and she does "not require the excess funds of $4,157 per month." However, the father has failed to set forth the mother's financial situation at the time of the order of support as compared to her expenses for the children at the time of the father's application for the downward modification, or a comparison of the children's needs at the time of the order of support and his application for the downward modification (see Matter of Rosenberg v Rosenberg, 145 AD3d [*2]at 1015; Matter of Rosenthal v Weiss, 129 AD3d 738; see generally Matter of Oelsner v Heppler, 181 AD3d at 917). His unsubstantiated and conclusory allegations do not provide a basis to establish a substantial change in circumstances (see Battinelli v Battinelli, 192 AD3d 957, 959). Further, while the father alleges, inter alia, that the second eldest child is no longer living at home and is supporting himself with his college fund and earnings, the father also alleges not only that the mother provides the child $25 per week, but that he is providing the child with support with regard to his car expenses. Thus, the father has failed to allege that the child is economically independent (see Matter of Cellamare v Lakeman, 36 AD3d at 906; Matter of Bogin v Goodrich, 265 AD2d 779, 781), and therefore, he has failed to allege a substantial change of circumstances on this basis.
Thus, accepting the facts as alleged in the amended petition as true, and according the father the benefit of every possible favorable inference, the allegations in his amended petition are insufficient to state a substantial change in circumstances that would warrant a downward modification of his child support obligation (see Matter of Rosenberg v Rosenberg, 145 AD3d at 1015-1016; Matter of Rosenthal v Weiss, 129 AD3d 738; see generally Matter of Oelsner v Heppler, 181 AD3d at 917). Under these circumstances, the Family Court properly determined that the Support Magistrate did not err in dismissing the amended petition without a hearing (see Battinelli v Battinelli, 192 AD3d at 959; Matter of Rosenberg v Rosenberg, 145 AD3d at 1015-1016).
Accordingly, the Support Magistrate properly granted the mother's motion to dismiss the father's amended petition for failure to state a cause of action (see Matter of Marrale v Marrale, 44 AD3d 773, 776; cf. Matter of Milton v Tormey-Milton, 133 AD3d 857, 859).
The father's remaining contentions either are without merit or have been rendered academic in light of our determination.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court