Matter of Jean-Baptiste v Jean-Baptiste (2022 NY Slip Op 04628)

Matter of Jean-Baptiste v Jean-Baptiste

2022 NY Slip Op 04628

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-07992
 (Docket No. F-3518-17/21D)

[*1]In the Matter of Gamaliel Jean-Baptiste, appellant,
v
Nageland Marie Jean-Baptiste, respondent.

John A. Reno, Deer Park, NY, for appellant.
Suzanne Myron, Syosset, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated September 27, 2021. The order denied the father's objections to an order of the same court (Lisa M. Williams, S.M.) dated August 17, 2021, which, without a hearing, dismissed the father's petition for a downward modification of his child support obligation.
ORDERED that the order dated September 27, 2021, is affirmed, with costs.
Gamaliel Jean-Baptiste (hereinafter the father) and Nagelande Marie Jean-Baptiste (hereinafter the mother) have three children together. The mother and the father divorced in 2017. Under the judgment of divorce, the father was to pay child support in the sum of $973 per month. By petition dated December 28, 2020, the father sought a downward modification of his child support obligation on the basis that there had been a substantial change in circumstances, namely, that he had lost work as a result of a lack of business. The mother moved to dismiss the father's petition. The Support Magistrate, in effect, granted the mother's motion and dismissed the petition without a hearing. The father filed objections to the Support Magistrate's order. In an order dated September 27, 2021, the Family Court denied the father's objections. The father appeals.
"On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7), all of the allegations in the petition are deemed true and the petitioner is afforded the benefit of every favorable inference" (Matter of Gerety v Gerety, 203 AD3d 827, 829 [internal quotation marks omitted]). "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal [shall] not eventuate" (id. at 829 [internal quotation marks omitted]). "'Upon an application to set aside or vacate an order of support, no hearing shall be required unless such application shall be supported by affidavit and other evidentiary material sufficient to establish a prima facie case for the relief requested'" (Matter of Camarda v Charlot, 182 AD3d 532, 533-534, quoting Family Ct Act § 451[1]).
"The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" [*2](Matter of Gerety v Gerety, 203 AD3d at 828 [internal quotation marks omitted]). "A parent's loss of employment may constitute a substantial change in circumstances" (Matter of Evans v White, 173 AD3d 864, 865 [internal quotation marks omitted]). "However, the proper amount of support is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (id. at 865 [internal quotation marks omitted]). "Thus, [a] party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (id. [internal quotation marks omitted]; see Schwaber v Schwaber, 91 AD3d 939, 939; Conway v Conway, 79 AD3d 965, 965-966).
Here, the Family Court properly denied the father's objections to the Support Magistrate's order. As an initial matter, although the father is correct that the Support Magistrate's finding regarding his weekly income was not supported by the evidence before the Support Magistrate, we nonetheless affirm because he failed to establish a prima facie case warranting a hearing on his petition (see Matter of Camarda v Charlot, 182 AD3d at 533-534). Specifically, the father failed to make any allegations or provide any evidence that after he lost work due to the effects of the COVID-19 pandemic on the economy, he engaged in "diligent attempts to secure employment commensurate with his . . . education, ability, and experience" (Matter of Evans v White, 173 AD3d at 865 [internal quotation marks omitted]). Nor did he make allegations or provide evidence to demonstrate, prima facie, that his knee injury prevented him from working (see Conway v Conway, 79 AD3d at 965). Thus, accepting the facts as alleged in the father's petition as true and according him the benefit of every possible favorable inference, and considering the father's evidence submitted in opposition to the mother's motion, he failed to sufficiently allege a substantial change in circumstances that would warrant a downward modification of his child support obligation (see Matter of Gerety v Gerety, 203 AD3d at 829-830). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order dismissing his petition without a hearing (see Matter of Camarda v Charlot, 182 AD3d at 533-534).
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court