Matter of Nimely v Corneh (2023 NY Slip Op 01300)

Matter of Nimely v Corneh

2023 NY Slip Op 01300

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-00065
2022-00066
2022-00067
 (Docket No. F-32050-11/19F)

[*1]In the Matter of Douglas Nimely, appellant,
v
Messie Corneh, respondent.

Douglas Nimely, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of dismissal of the Family Court, Kings County (Adele Alexis Harris, S.M.), dated October 29, 2021, (2) an order of the same court, also dated October 29, 2021, and (3) an order of the same court (Diane Costanzo, J.) dated December 13, 2021. The order of dismissal, after a hearing, dismissed the father's petition for downward modification of his child support obligation, vacated a temporary order of support dated January 9, 2020, nunc pro tunc, and reinstated the child support provisions of a prior order of the same court (Adele Alexis Harris, S.M.) dated September 4, 2018. The order dated October 29, 2021, insofar as appealed from, after the hearing, in effect, reinstated the child support provisions of the order dated September 4, 2018. The order dated December 13, 2021, denied the father's objections, in effect, to the order of dismissal and the order dated October 29, 2021.
ORDERED that the appeals from the order of dismissal and the order dated October 29, 2021, are dismissed, without costs or disbursements, as those orders were superseded by the order dated December 13, 2021; and it is further,
ORDERED that the order dated December 13, 2021, is affirmed, without costs or disbursements.
The parties have two children together. Pursuant to an order dated September 4, 2018, the father's child support obligation was $519 per month for the two children. In May 2019, the father commenced this proceeding seeking a downward modification of his child support obligation. By order dated January 9, 2020, the Family Court temporarily reduced the father's child support obligation. On October 28, 2021, a hearing was held on the father's petition before a Support Magistrate. After the hearing, in an order of dismissal dated October 29, 2021, the Support Magistrate dismissed the father's petition, vacated the temporary order of support dated January 9, 2020, nunc pro tunc, and reinstated the child support provisions of the order dated September 4, 2018. In an order, also dated October 29, 2021, the Support Magistrate, in effect, reinstated the child support provisions of the order dated September 4, 2018. The father, in effect, filed objections to the Support Magistrate's orders, which were denied by the Family Court in an order dated December 13, 2021. The father appeals.
"The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897; see Family Ct Act § 451[3][a]; Matter of Gerety v Gerety, 203 AD3d 827). "In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (Matter of Oelsner v Heppler, 181 AD3d 916, 917 [internal quotation marks omitted]; see Matter of Gerety v Gerety, 203 AD3d at 827). "A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued" (Matter of Baumgardner v Baumgardner, 126 AD3d at 897).
Here, the father failed to establish a substantial change in circumstances warranting a downward modification of his child support obligation. While a party's loss of employment may constitute a substantial change in circumstances (see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d 630, 631; Matter of Evans v White, 173 AD3d 864, 865), "[a] party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (Matter of Evans v White, 173 AD3d at 865 [internal quotation marks omitted]; see Matter of Berg v Berg, 166 AD3d 766). Here, the father failed to satisfy that burden (see Pathak v Shukla, 164 AD3d 690, 691).
The father's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court