Matter of O'Donoghue v O'Donoghue (2023 NY Slip Op 01513)

Matter of O'Donoghue v O'Donoghue

2023 NY Slip Op 01513

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2022-00941
 (Docket No. F-5909-19/21D)

[*1]In the Matter of Thomas O'Donoghue, appellant,
v
Tricia O'Donoghue, respondent.

Robert J. Del Col, Hauppauge, NY, for appellant.
Goldman & Maurer, LLP, Garden City, NY (Ellen W. Maurer of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an amended order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated December 29, 2021. The amended order, insofar as appealed from, denied the father's objections to an order of the same court (Aletha V. Fields, S.M.) dated November 5, 2021, which, after a hearing and upon findings of fact, also dated November 5, 2021, dismissed the father's petition for a downward modification of his child support obligation.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
The parties have five children together, and were divorced in 2019. In May 2018, the father underwent surgery due to an alleged injury that occurred in 2017. The judgment of divorce incorporated, but did not merge, a stipulation of settlement dated September 28, 2018 (hereinafter the stipulation). Pursuant to the stipulation, the father agreed to pay $700 per week in child support based upon an imputed annual income of $90,000. In January 2021, the father filed a petition for a downward modification of his child support obligation on the ground that he had become totally disabled and could not support his children. He argued that when he agreed to the imputed income, he had an expectation that his physical condition would improve and that he would be able to return to work.
After a hearing, in an order dated November 5, 2021, the Support Magistrate dismissed the petition. The father filed objections to the Support Magistrate's order. In an amended order dated December 29, 2021, the Family Court denied the father's objections. The father appeals.
"The court may modify an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of a substantial change in circumstances" (Family Ct Act § 451[3][a]). Contrary to the father's contention, he was not relieved of his burden of demonstrating a substantial change in circumstances pursuant to the terms of the stipulation.
In determining whether there is a substantial change in circumstances to justify a downward modification, the change is measured by comparing the payor's financial circumstances at the time of the application for a downward modification, and his or her circumstances at the time [*2]of the divorce or when the order sought to be modified was made (see Matter of Mondschein v Mondschein, 175 AD3d 688, 690). Here, the record supports the Support Magistrate's finding that the father failed to show a substantial change in circumstances (see generally Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1033). Deference should be given to the credibility determinations of the Support Magistrate, and there is no basis to disturb those findings, which are supported by the record (see Matter of Roberts v Roberts, 176 AD3d 1226, 1227).
We decline the mother's request to impose sanctions against the father for taking an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
The father's remaining contentions are either unpreserved for appellate review or without merit.
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court