Matter of Paul v Thelusma (2023 NY Slip Op 03791)

Matter of Paul v Thelusma

2023 NY Slip Op 03791

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-09613
2020-09614
 (Index No. F-22358-13)

[*1]In the Matter of Miltonne Marie Paul, respondent, 
v
Wilkens Thelusma, appellant. (Proceeding No. 1.)
In the Matter of Wilkens Thelusma, appellant,
v
Miltonne Marie Paul, respondent. (Proceeding No. 2.)

Salvatore C. Adamo, New York, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated November 24, 2020, and (2) an order of commitment of the same court dated November 30, 2020. The order dated November 24, 2020, denied the father's objections, in effect, to an order of the same court (Kathryn L. Coward, S.M.) dated October 1, 2020, made after a hearing, dismissing his petition for a downward modification of his child support obligation. The order of commitment, in effect, confirmed findings of fact and an order of disposition of the same court (Kathryn L. Coward, S.M.), dated September 29, 2020, and October 1, 2020, respectively, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Suffolk County Correctional Facility for a period of six months unless he paid the purge amount of $30,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Correctional Facility for a period of six months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated November 24, 2020, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother and the father have two children together. An order of child support issued in 2014 (hereinafter the child support order) directed the father to pay child support in the sum of $937 every two weeks.
In December 2019, the mother filed a petition alleging that the father had willfully violated the child support order by failing to make payments as required. In March 2020, the father filed a petition seeking a downward modification of his child support obligation alleging that the [*2]older child should be deemed emancipated and that he is no longer employed as a police officer and has been unable to obtain new employment with an equivalent salary.
A Support Magistrate conducted a hearing on both petitions. In findings of fact dated September 29, 2020, made after the hearing, the Support Magistrate found that the father had willfully violated the child support order and had failed to demonstrate a substantial change in circumstances to warrant a downward modification of his child support obligation.
Subsequently, in an order dated October 1, 2020 (hereinafter the order of dismissal), the Support Magistrate dismissed the father's petition. Thereafter, the father filed objections, in effect, to the order of dismissal. In an order dated November 24, 2020, the Family Court denied the father's objections.
In an order of disposition dated October 1, 2020, the Support Magistrate adjudged the father to be in willful violation of the child support order. Subsequently, the Family Court issued an order of commitment dated November 30, 2020, in effect, confirming the findings of fact and the order of disposition, and committing the father to the custody of the Suffolk County Correctional Facility for a period of six months unless he paid the purge amount of $30,000. The father appeals from the order dated November 24, 2020, and the order of commitment.
Initially, the appeal from so much of the order of commitment as directed that the father be committed to the custody of the Suffolk County Correctional Facility for a period of six months unless he paid the purge amount must be dismissed as academic, since the period of commitment has expired (see Matter of Schad v Schad, 158 AD3d 705, 706). However, in light of the enduring consequences that could flow from the determination that the father violated the child support order, the appeal from so much of the order of commitment as confirmed the determination that the father was in willful violation of the child support order is not academic (see id. at 706).
In that regard, failure to pay child support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Schad v Schad, 158 AD3d at 706; Matter of Kretkowski v Pasqua, 147 AD3d 836, 837). "Thus, proof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of Schad v Schad, 158 AD3d at 706; see Matter of Kretkowski v Pasqua, 147 AD3d at 837).
Here, the mother presented prima facie evidence that the father failed to pay child support as ordered. In response, the father failed to meet his burden of presenting competent, credible evidence of his inability to make payments as directed (see Matter of Kretkowski v Pasqua, 147 AD3d at 837; Matter of Stradford v Blake, 141 AD3d 725, 726). Accordingly, the Family Court properly, in effect, confirmed the Support Magistrate's determination that the father willfully violated the child support order.
A party seeking to modify a child support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (see Matter of Addimando v Huerta, 147 AD3d 750, 751; Matter of Ippoliti v Ippoliti, 134 AD3d 844, 845). Here, the father offered no evidence to support his claim that the parties' then 20-year-old child should be deemed emancipated (see Matter of Cellamare v Lakeman, 36 AD3d 906, 906; cf. Matter of Lowe v Lowe, 67 AD3d 682, 683). Moreover, with regard to his loss of employment, in 2018 the father unsuccessfully sought a downward modification of his child support obligation based on his loss of employment as a police officer in 2017 (see Matter of Funt v Funt, 65 NY2d 893, 894; Matter of Wiener v Salamy, 142 AD3d 1179, 1179), and he failed to demonstrate that since the dismissal of his prior petition for a downward modification he has made a diligent effort to secure employment commensurate with his earning capacity (see Matter of Ippoliti v Ippoliti, 134 AD3d at 845; Matter of Rolko v Intini, 128 AD3d 705, 706).
Under such circumstances, the Support Magistrate properly determined that the father [*3]failed to demonstrate a substantial change in circumstances warranting a downward modification of his child support obligation. Accordingly, the Family Court properly denied the father's objections, in effect, to the order of dismissal.
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court