Matter of Alsamhouri v Samhoury (2023 NY Slip Op 04994)

Matter of Alsamhouri v Samhoury

2023 NY Slip Op 04994

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-00451
 (Docket No. F-31582-19/19A)

[*1]In the Matter of Mohammad A. Alsamhouri, appellant,
v
Rana Samhoury, respondent.

Mohammad Alsamhouri, named herein as Mohammad A. Alsamhouri, Bronx, NY, appellant pro se.
Rana Samhoury, West Babylon, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an amended order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated January 4, 2022. The amended order denied the father's objections to an order of the same court (Gabriella F. Richman, S.M.) dated November 10, 2021, which, after a hearing, denied his petition for a downward modification of his child support obligation. The notice of appeal from an order dated December 22, 2021, is deemed to be a notice of appeal from the amended order (see CPLR 5512[a]).
ORDERED that the amended order is affirmed, without costs or disbursements.
The parties have two children together. In April 2016, the parties entered into a stipulation wherein the father agreed to pay child support biweekly in the amount of $555. The parties were divorced by a judgment dated December 1, 2016, which incorporated but did not merge the stipulation. In September 2019, the father filed a petition for a downward modification of his child support obligation. After a hearing, in an order dated November 10, 2021, the Support Magistrate denied the father's petition. The father filed objections to the Support Magistrate's order, and in an amended order dated January 4, 2022, the Family Court denied the objections. The father appeals.
"The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897; see Family Ct Act § 451[3][a]; Matter of Gerety v Gerety, 203 AD3d 827). "In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (Matter of Oelsner v Heppler, 181 AD3d 916, 917 [internal quotation marks omitted]; see Matter of Gerety v Gerety, 203 AD3d at 827).
Here, the father failed to establish a substantial change in circumstances warranting a downward modification of his child support obligation. While a party's loss of employment may [*2]constitute a substantial change in circumstances (see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d 630, 631; Matter of Evans v White, 173 AD3d 864, 865), the "party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (Matter of Evans v White, 173 AD3d at 865 [internal quotation marks omitted]; see Matter of Berg v Berg, 166 AD3d 766). Here, the father failed to satisfy that burden (see Matter of Nimely v Corneh, 214 AD3d 812; Matter of Durand v Pierre-Louis, 205 AD3d 806). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court