Matter of Garanin v Bykhovsky (2024 NY Slip Op 05444)

Matter of Garanin v Bykhovsky

2024 NY Slip Op 05444

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-00792
 (Docket No. F-179-21/22A)

[*1]In the Matter of Vsevolod Sergeevich Garanin, appellant, 
v
Eirena Bykhovsky, respondent.

Vsevolod Sergeevich Garanin, Marlboro, New Jersey, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Keith Brown, J.), dated December 22, 2023, as amended by an order of the same court dated March 4, 2024. The order dated December 22, 2023, as amended, denied the father's objections to an order of the same court (Jacqueline Cabrera, S.M.) dated November 6, 2023, which, after a hearing, dismissed his petition to modify an order of support dated December 17, 2021, so as to terminate his obligation to pay child care expenses.
ORDERED that the order dated December 22, 2023, as amended, is affirmed, without costs or disbursements.
The mother and the father have two children together. In an order of support dated December 17, 2021 (hereinafter the support order), the father was directed, inter alia, to pay the sum of $1,155 per month in basic child support and the sum of $1,002.20 per month for child care expenses. In October 2022, the father filed a petition to modify the support order so as to terminate his obligation to pay child care expenses. He alleged that there had been a change in circumstances in that the mother no longer employed a nanny. After a hearing, the Support Magistrate issued an order dated November 6, 2023, which dismissed the father's petition. The father filed objections to the Support Magistrate's order. In an order dated December 22, 2023, as amended by an order dated March 4, 2024, the Family Court denied the father's objections. The father appeals.
"The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Gerety v Gerety, 203 AD3d 827, 828 [internal quotation marks omitted]; see Family Ct Act § 451[3][a]; Matter of Lopez v Campoverde, 201 AD3d 719, 720). Here, the father did not establish a substantial change in circumstances warranting the termination of his obligation to pay child care expenses (see Matter of Lopez v Campoverde, 201 AD3d at 721). The father's conclusory and unsubstantiated assertion that the mother no longer employed the nanny was insufficient to meet his burden (see Matter of Gerety v Gerety, 203 AD3d at 830; Matter of Riendeau v Riendeau, 95 AD3d 891, 892).
Contrary to the father's contention, the Support Magistrate providently exercised its discretion in declining to draw a negative inference against the mother for her failure to call the nanny as a witness (see Matter of Lashlee v Lashlee, 161 AD3d 866, 867). The father, as the petitioner, had the burden to establish a substantial change in circumstances (see Matter of Lopez v [*2]Campoverde, 201 AD3d at 720-721), and he failed to meet his burden.
The father's remaining contention is without merit.
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court