Matter of Botros v Botros (2024 NY Slip Op 06609)

Matter of Botros v Botros

2024 NY Slip Op 06609

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-11320
2023-11764
 (Docket Nos. F-3365-22/22A, F-3365-22/22B, F-3365-22/23C)

[*1]In the Matter of Nermeen Botros, respondent, 
v
Amgad Botros, appellant. (Proceeding No. 1)
In the Matter of Amgad Botros, appellant, 
v Nermeen Botros, respondent. (Proceeding Nos. 2 and 3)

Amgad Botros, Roslyn, NY, appellant pro se.
Cobert, Haber & Haber, LLP, Garden City, NY (Amy Cobert Haber of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of commitment of the Family Court, Nassau County (Darlene D. Harris, J.), dated November 9, 2023, and (2) an order of the same court dated November 28, 2023. The order of commitment, in effect, confirmed an order of disposition of the same court (Tomasina C. Mastroianni, S.M.) dated October 12, 2023, made after a hearing, finding, inter alia, that the father willfully violated the child support provisions of the parties' judgment of divorce dated October 19, 2021, and committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days unless he paid the purge amount of $46,521. The order dated November 28, 2023, denied the father's objections to the order of disposition and two orders of the same court (Tomasina C. Mastroianni, S.M.), both dated October 12, 2023, made after a hearing, dismissing the father's petitions, respectively, to suspend his child support obligation and for a downward modification of his child support obligation.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days unless he paid the purge amount of $46,521 is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order dated November 28, 2023, is affirmed, without costs or disbursements.
The parties, who are the parents of two children, were divorced by a judgment dated October 19, 2021. Pursuant to a stipulation dated February 5, 2021, which was incorporated but not merged into the judgment of divorce, the father was directed to pay the sum of $4,411 per month in child support and 77% of "reasonable child care costs."
In April 2022, the father filed a petition to suspend his child support obligation, alleging, inter alia, that he was "unemployed, retired, or on medical leave" due to depression. In December 2022, the mother filed a petition alleging that the father willfully violated the child support provisions of the judgment of divorce by failing to pay child support or his share of child care costs. In January 2023, the father filed a petition for a downward modification of his child support obligation. In two orders, both dated October 12, 2023, made after a hearing, the Support Magistrate dismissed the father's petitions. In an order of disposition dated October 12, 2023, made after the hearing, the Support Magistrate found, among other things, that the father willfully violated his child support obligation. Thereafter, the father filed objections to the Support Magistrate's orders. In an order of commitment dated November 9, 2023, the Family Court, in effect, confirmed the order of disposition and committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days unless he paid the purge amount of $46,521. In an order dated November 28, 2023, the court denied the father's objections to the Support Magistrate's orders. The father appeals from the order of commitment and the order dated November 28, 2023.
The appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days unless he paid the purge amount must be dismissed as academic, as the period of incarceration has expired (see Matter of Sweeney v Sweeney, 209 AD3d 659, 660). However, in light of the enduring consequences that could flow from the determination that the father violated his child support obligation, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of his child support obligation is not academic (see Matter of Paul v Thelusma, 218 AD3d 586, 588).
"The court may modify an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of a substantial change in circumstances" (Family Ct Act § 451[3][a]; see Matter of O'Donoghue v O'Donoghue, 214 AD3d 876, 877). Although "'[a] parent's loss of employment may constitute a substantial change in circumstances'" (Matter of Vilmont v Vilmont, 219 AD3d 608, 609, quoting Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798), "'the proper amount of support is determined not by the parent's current economic situation, but by the parent's assets and earning capacity'" (id., quoting Matter of Durand v Pierre-Louis, 205 AD3d 806, 807 [internal quotation marks omitted]). "Thus, '[a] party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience'" (id., quoting Matter of Rubenstein v Rubenstein, 114 AD3d at 798). "'Deference should be given to credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses on this point'" (Matter of Yaroshevsky v Yaroshevsky, 219 AD3d 609, 612, quoting Matter of Valverde v Owens, 160 AD3d 753, 755 [internal quotation marks omitted]).
Here, the father failed to meet his burden of demonstrating that his employment was terminated through no fault of his own and that he made diligent attempts to secure employment commensurate with his education, ability, and experience (see Matter of Vilmont v Vilmont, 219 AD3d at 609; Matter of Nimely v Corneh, 214 AD3d 812, 814). Thus, the father did not establish a substantial change in circumstances warranting either the suspension or reduction of his child support obligation (see Matter of Garanin v Bykhovsky, ___ AD3d ___, 2024 NY Slip Op 05444 [2d Dept]; Matter of Alsamhouri v Samhoury, 220 AD3d 699, 700). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's orders dismissing the father's petitions.
Furthermore, the Family Court properly confirmed the Support Magistrate's finding [*2]that the father willfully violated his child support obligation. "'[P]roof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered'" (Matter of Paul v Thelusma, 218 AD3d at 588, quoting Matter of Schad v Schad, 158 AD3d 705, 706). Here, the mother presented prima facie evidence of the father's failure to pay child support as directed, and in response, the father failed to meet his burden of presenting competent, credible evidence of his inability to comply with his child support obligation (see id.; Matter of Stein-Zimic v Zimic, 194 AD3d 823, 824-825).
The father's remaining contentions are either improperly raised for the first time on appeal or without merit.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court