Matter of Dukofsky v Dukofsky (2025 NY Slip Op 02064)

Matter of Dukofsky v Dukofsky

2025 NY Slip Op 02064

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-04227
2023-04229
 (Docket No. F-1102-21)

[*1]In the Matter of Melissa Dukofsky, respondent,
v
Mia Dukofsky, appellant.

William A. Sheeckutz, East Meadow, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, Mia Dukofsky appeals from (1) an order of commitment of the Family Court, Nassau County (Darlene D. Harris, J.), dated April 27, 2023, and (2) an order of the same court also dated April 27, 2023. The order of commitment, in effect, confirmed so much of an order of disposition of the same court (Nadine J. Satterthwaite, S.M.) dated April 6, 2023, made after a hearing, as found that Mia Dukofsky willfully violated a prior order of child support, and committed her to the Nassau County Correctional Facility for a period of 30 days unless she paid the purge amount of $6,250. The order dated April 27, 2023, denied the objections of Mia Dukofsky to so much of the order of disposition as found that she willfully violated a prior order of child support.
ORDERED that the appeal from so much of the order of commitment as committed Mia Dukofsky to the custody of the Nassau County Correctional Facility for a period of 30 days unless she paid the purge amount of $6,250 is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of commitment is reversed insofar as reviewed, on the facts, without costs or disbursements, so much of the order of disposition as found that Mia Dukofsky willfully violated a prior order of child support is vacated, the order dated April 27, 2023, is vacated, and the petition dated December 14, 2022, to adjudicate Mia Dukofsky in willful violation of her child support obligation is denied; and it is further,
ORDERED that the appeal from the order dated April 27, 2023, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order of commitment.
The parties, Mia Dukofsky (hereinafter the appellant) and Melissa Dukofsky (hereinafter the petitioner), have two children together. They were divorced by a judgment of divorce dated January 24, 2020. The judgment of divorce, which incorporated but did not merge the terms of a stipulation of settlement dated January 30, 2019, directed the appellant to pay child support in the sum of $1,250 per month. In July 2022, the petitioner filed a petition alleging that the appellant violated the child support provisions of the stipulation of settlement. In an order of disposition dated October 13, 2022, the Support Magistrate, among other things, found that the appellant's failure to pay child support was not willful and continued the appellant's child support [*2]obligation pursuant to the stipulation of settlement.
On December 14, 2022, the petitioner filed a subsequent petition alleging that the appellant willfully violated her child support obligation. After a hearing, in an order of disposition dated April 6, 2023, the Support Magistrate, inter alia, found that the appellant willfully violated a prior order of child support. In an order of commitment dated April 27, 2023, the Family Court, in effect, confirmed so much of the order of disposition as found that the appellant willfully violated a prior order of child support and committed her to the Nassau County Correctional Facility for a period of 30 days unless she paid the purge amount of $6,250. This appeal ensued.
The appeal from so much of the order of commitment as committed the appellant to the custody of the Nassau County Correctional Facility for a period of 30 days unless she paid the purge amount must be dismissed as academic, as the period of incarceration has expired (see Matter of Botros v Botros, 233 AD3d 1030). However, in light of the enduring consequences that could flow from the determination that the appellant violated her child support obligation, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the appellant was in willful violation of her child support obligation is not academic (see Matter of Paul v Thelusma, 218 AD3d 586, 588).
Evidence of a failure to pay child support as ordered constitutes prima facie evidence of a willful violation of an order of support (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69). "This prima facie showing shifts the burden to the parent obligor to come forward with competent, credible evidence of his or her inability to make the payments as ordered" (Matter of Gioia v Gioia, 204 AD3d 912, 913; see Matter of Powers v Powers, 86 NY2d at 69-70).
Here, the evidence of the appellant's failure to pay child support as ordered between October 13, 2022, and December 14, 2022, constituted prima facie evidence of a willful violation, shifting the burden to the appellant to offer competent, credible evidence of her inability to make the required payments (see Matter of Camacho v Leggio, 227 AD3d 1064, 1066; Matter of Martucci v Nerone, 223 AD3d 668, 669). The appellant presented sufficient medical evidence to substantiate her assertion that she was unable to work for at least three months after a surgical procedure in October 2022 (see Matter of Camacho v Leggio, 227 AD3d at 1066; cf. Matter of Alterman v Shmushkovich, 183 AD3d 559, 560). Moreover, the appellant testified, inter alia, that she had no savings or assets and relied on her mother for support (see Matter of Lecei v Lecei, 112 AD3d 629, 630). Under the circumstances of this case, the appellant's showing was sufficient to establish that her failure to pay child support was not willful.
Accordingly, we reverse the order of commitment insofar as reviewed.
The appellant's remaining contention is not properly before this Court (see Matter of Lew v Lew, 214 AD3d 732, 735; Matter of Henry v Greenidge, 127 AD3d 1192, 1193).
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court