Matter of Trevino v Pray (2025 NY Slip Op 03074)

Matter of Trevino v Pray

2025 NY Slip Op 03074

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-09232
 (Docket No. F-7450-20)

[*1]In the Matter of Edna Catalina Ruiz Trevino, appellant, 
v
Franklin Lee Pray, respondent.

Edna Catalina Ruiz Trevino, New York, NY, appellant pro se.
Franklin Lee Pray, Briarcliff Manor, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated July 7, 2023. The order denied the mother's objections to an order of the same court (Esther R. Furman, S.M.) dated May 3, 2023, which, without a hearing, dismissed her petition for an upward modification of the father's child support obligation.
ORDERED that the order dated July 7, 2023, is affirmed, with costs.
The parties, who were never married, are the parents of one child. In July 2022, the parties consented to an order of support directing the father to pay monthly child support to the mother in the sum of $5,500. In April 2023, less than one year later, the mother commenced this proceeding for an upward modification of the father's child support obligation, alleging that increased childcare expenses due to the father's lack of parenting time with the child constituted a substantial change in circumstances. In an order dated May 3, 2023, a Support Magistrate dismissed the petition without a hearing, determining that the mother failed to sufficiently allege a substantial change in circumstances. In an order dated July 7, 2023, the Family Court denied the mother's objections to the order dated May 3, 2023. The mother appeals.
A court may modify an order of child support upon a showing of a substantial change in circumstances (see Family Ct Act § 451[3][a]; Matter of Evans v White, 173 AD3d 864, 865). "On an application for modification of child support, a hearing is necessary where the parties' evidentiary submissions disclose the existence of genuine issues of fact" (Bishop v Bishop, 170 AD3d 642, 644). "However, no hearing is required where the applying party fails to make a prima facie showing of a basis for such modification of child support" (Matter of Matthews v Wei, 234 AD3d 693, 694; see Matter of Gerety v Gerety, 203 AD3d 827, 827).
Here, the Family Court properly denied the mother's objections to the Support Magistrate's order dismissing, without a hearing, her petition for an upward modification of the father's child support obligation. Since the father's lack of parenting time with the child was taken into account at the time the parties consented to the child support order, the mother failed to sufficiently allege a substantial change in circumstances (see Matter of Gerety v Gerety, 203 AD3d at 827; Matter of Hall v Pancho, 191 AD3d 670).
The mother's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court