Matter of Meier v Chevalier (2026 NY Slip Op 01517)

Matter of Meier v Chevalier

2026 NY Slip Op 01517

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-03750
 (Docket No. F-9156-24/24B)

[*1]In the Matter of Marco Meier, appellant, 
vNicole Chevalier, respondent.

Marco Meier, Brooklyn, NY, appellant pro se.
Nicole Chevalier, Brooklyn, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Gregory L. Gliedman, J.), dated March 14, 2025. The order denied the father's objections to an order of the same court (Debra Katz Doogan, S.M.) dated February 13, 2025, which, after a hearing, dismissed his petition for a downward modification of his child support obligation.
ORDERED that the order dated March 14, 2025, is affirmed, without costs or disbursements.
The father and the mother were divorced by a judgment dated March 25, 2024, and have one minor child together. The judgment of divorce incorporated but did not merge a stipulation of settlement dated October 27, 2023, which, inter alia, directed the father to pay child support in the sum of $2,270 per month. On May 10, 2024, the father filed a petition for a downward modification of his child support obligation, alleging that his employment was terminated on April 17, 2024, reducing his yearly income by more than 20%.
After a hearing, in an order dated February 13, 2025, the Support Magistrate dismissed the father's petition, finding that he did not demonstrate a substantial change in circumstances warranting a downward modification. The father filed objections to the Support Magistrate's order. In an order dated March 14, 2025, the Family Court denied the father's objections. The father appeals.
A parent seeking a modification of his or her child support obligation has the burden of establishing the existence of a substantial change in circumstances warranting the modification (see Family Ct Act § 451[3][a]; Matter of Gerety v Gerety, 203 AD3d 827, 828; Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897). A parent's loss of employment may constitute a substantial change in circumstances only where the parent's employment was terminated involuntarily and the parent made diligent attempts to secure employment commensurate with the parent's education, abilities, and experience (see Matter of Cato v Cato, 134 AD3d 821, 822; Matter of Riendeau v Riendeau, 95 AD3d 891, 892). The proper amount of support to be paid is not determined by the parent's current economic situation but by the parent's past income, future earning capacity, assets, and educational background (see Matter of Rubenstein v Rubenstein, 114 AD3d 798, [*2]798; Matter of Rohme v Burns, 92 AD3d 946, 947).
Here, the father failed to meet his burden of establishing a substantial change in circumstances warranting a downward modification (see Matter of Alsamhouri v Samhoury, 220 AD3d 699, 700; Matter of Oelsner v Heppler, 181 AD3d 916, 918). The father testified at the hearing that after 12 years in an advertising and sales role at a prominent technology company, he chose to work without pay at his family's restaurant business instead of attempting to secure employment commensurate with his education, abilities, and experience (see Matter of Cato v Cato, 134 AD3d at 822; Matter of Muselevichus v Muselevichus, 40 AD3d 997, 999). In addition, the father's testimony demonstrated that he continued to own considerable real estate assets (see Kay v Kay, 37 NY2d 632, 636-637).
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order dismissing his petition for a downward modification of his child support obligation.
The father's remaining contentions are without merit.
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court